CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
IJEOMA U. EKE (Bar No. 331938)
(E-Mail: Ijeoma_Eke@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-3107
Facsimile: (213) 894-7556

Attorneys for Defendant
ROBERT SLOAN MATEER

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT SLOAN MATEER,

Defendant.

Case No. CR 20-580-ODW-1

**ROBERT SLOAN MATEER'S RESPONSE TO GOVERNMENT'S SENTENCING POSITION**

Hearing Date: April 20, 2023
Hearing Time: 10:00 a.m.

Defendant Robert Sloan Mateer, by and through his attorney of record, Deputy Federal Public Defender Ijeoma U. Eke, hereby responds to the government's untimely Sentencing Position filed April 6, 2023.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 6, 2023

By */s/ Ijeoma U. Eke*

IJEOMA U. EKE
Deputy Federal Public Defender
Attorney for Robert Sloan Mateer

# I. ARGUMENT

## A. Government's Untimely Position Paper Should Not Be Considered.

Sentencing in Mr. Mateer's case has been scheduled for April 17, 2023, at 11:00 am. Position papers were due two weeks before sentencing, on April 3, 2023. The Honorable Judge Otis D. Wright's Change of Plea Criminal Minutes indicate in bold:

> **Position papers are due 2 weeks before the sentencing. If the papers are NOT submitted in time, they will not be considered . . . Strict compliance with the above is mandatory because untimely filings impede the abilities of the Probation Office and the Court to prepare for Sentencing."** *See* Exhibit A, November 29, 2022 Criminal Minutes.

Here, the government filed its Position paper on April 6, 2023, three days after the deadline.[1] Two of the government's accompanying exhibits were filed under seal, without a courtesy copy provided to the defense. *See Declaration of Counsel.* Failure to provide defense counsel with these exhibits deprives Mr. Mateer of his ability to independently verify, analyze, and prepare for his approaching sentencing hearing.

However, this is not the first time the government has filed an untimely position paper in front of this Court. The government also untimely filed its position paper against Mr. Mateer's co-defendant, Sarah Taylor Brown. *See United States v. Sarah Taylor Brown* (2:20-CR-00580-ODW-2, (C.D. Cal. Dec. 12, 2022) ECF No. 84. The government's position paper was filed on January 17, 2023, eight days after the January 9, 2023 deadline. *See United States v. Sarah Taylor Brown* (2:20-CR-00580-ODW, (C.D. Cal. January 17, 2023) ECF No. 90.

---

[1] The Court just continued Mr. Mateer's hearing today at 12:42 p.m. from April 17, 2023, to April 20, 2023. This should not absolve the government of violating the Court's minute order.

Again, the Court finds itself in the same position with another untimely filing by the government. In accordance with this Court's own articulated procedure, the government's untimely position paper should not be considered.

**B. Mr. Mateer's Proposed Restitution Amount is Not Underinclusive.**

However, should the Court decide to consider the government's untimely argument, Mr. Mateer rejects the government's argument that his proposed restitution amount is underinclusive. (CR 106, Government's Sentencing Position, at 13:3.)

The government argues that this case is a California Employment Development Department ("EDD") fraud conspiracy, and that the activities of the full conspiracy are relevant conduct. *Id.* at 7-8:28-2. Applying the government's articulated logic, the same restitution considerations should apply to Mr. Mateer's co-defendant, Sarah Taylor Brown. However, in Ms. Brown's case the government only asked for $478,280.69[2] in restitution, rejecting her proposed amount of $54,740: "Defendant's calculation fails to consider any conduct by co-conspirators outside the presence of defendant, or include any conduct by defendant or her co-conspirators that was not captured on ATM surveillance."[3] Despite this argument, the court only ordered $54,740 (the amount requested by Ms. Brown.) *See United States v. Sarah Taylor Brown* (2:20-CR-00580-ODW-2, (C.D. Cal. Feb. 7, 2023) ECF No. 99 at 2:7 ("Restitution is ordered in the amount of $54,740.00, shall be held jointly and severally liable with co-defendant Robert Mateer.)

Finally, 18 U.S.C. § 3553 (a)(6) requires the Court to minimize sentencing disparities among similarly situated defendants. Despite its assertion that Mr. Mateer

---

[2] *United States v. Sarah Taylor Brown* (2:20-CR-00580-ODW, (C.D. Cal. January 17, 2023) ECF No. 90 at 18:15.

[3] *Id.* at 14-15:27-2.

and Ms. Brown "worked together in the scheme to fraudulently obtain EDD benefits,"[4] the government has asked for Mr. Mateer's restitution amount to be $937,173.88,[5] nearly double the $478,280.69[6] restitution amount it requested for Ms. Brown. The government's request —different restitution amounts for individuals it claims are both part of the same EDD fraud conspiracy—flatly contradicts the objectives set forth in 18 U.S.C. § 3553 (a)(6).

**C. The Government Has Not Met the Standard for Ordering Restitution.**

In one of its sealed exhibits, the government has referenced text messages between Mr. Mateer and other co-conspirators to show that he held a pivotal role in the EDD fraud conspiracy. (CR 106, Government's Sentencing Position, at 10-12.)

Noticeably absent from the government's selected communications is evidence to show that the remaining loss amount was actually caused by these co-conspirators. Aside from cherry-picking from various text communications, the government provides minimal information about what (if anything) resulted from Mr. Mateer's communications with Jenna, Mel, Markk, Thai, Marie, Cloyd, Princess, and Anthony P. *Id.* The government's failure to send defense counsel their under seal exhibits further undermines its position.

In ordering restitution, loss amount refers to actual loss, not intended loss or a combination of the two. *See United States v. Banks*, 55 F.4th 246, 258 (3d Cir. 2022). Here the government makes no distinction between whether these text communications led to intended loss instead of actual loss. Accordingly, the government has not met the standard for ordering a restitution amount higher than $242,900.

---

[4] *Id.* at 13:1-3.

[5] CR 106, Government's Sentencing Position, at 16:20-23.

[6] *United States v. Sarah Taylor Brown* (2:20-CR-00580-ODW, (C.D. Cal. January 17, 2023) ECF No. 90 at 18:15.

**D. The Government Does Not Contest That Mr. Mateer's Seized Items Should Be Deducted From the Restitution Amount.**

Finally, the government does not contest that, contrary to its proposed $937,173.88 restitution amount, on July 26, 2021, U.S. Postal Inspector Kimberly Granger identified the total actual losses as $242,900. (CR 105, Defendant's Sentencing Position, at 6.) The government also does not contest that the items seized when Mr. Mateer was arrested, including his 2017 Maserati Levante and approximately $197,711.79 in cash, should be counted toward satisfaction of the amount owed in restitution. *Id.* at 6-7. Accordingly, any arguments to the contrary should be deemed waived.

## II. CONCLUSION

For the foregoing reasons, Mr. Mateer respectfully requests that the Court impose a sentence of 120 months and 5 years of supervised release. Additionally, restitution should be held adequately fulfilled by Mr. Mateer's forfeited assets in the amount of $269,711.79.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 6, 2023 By */s/ Ijeoma U. Eke*

IJEOMA U. EKE
Deputy Federal Public Defender
Robert Sloan Mateer

**DECLARATION OF COUNSEL**

I, Ijeoma U. Eke declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California, and I am admitted to practice in this Court. I am appointed to represent Mr. Robert Sloan Mateer.

2. On April 6, 2023, at 12:43 am, I received an automated CM/ECF notification that Assistant United States Attorney Nisha Chandran had filed a Position with Respect to Sentencing Factors. See *United States v. Robert Sloan Mateer* (2:20-CR-00580-ODW-1, (C.D. Cal. April 6, 2023) ECF No. 106.

3. On April 6, 2023, at 12:57 am, I received an automated CM/ECF notification that Assistant United States Attorney Nisha Chandran had filed an *Ex Parte* Application for Order Sealing Exhibits C and D. See *United States v. Robert Sloan Mateer* (2:20-CR-00580-ODW-1, (C.D. Cal. April 6, 2023) ECF No. 107.

4. On April 6, 2023, at 7:45 am, I emailed Assistant United States Attorney Nisha Chandran with a request for copies of under seal exhibits C and D. By the time of this filing, no response had been received from the government.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 6, 2023, at Los Angeles, California.

*/s/ Ijeoma U. Eke* .
IJEOMA U. EKE
Deputy Federal Public Defender

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES -- CHANGE OF PLEA

Case No. CR 20-00580-ODW-1 Date: November 29, 2022

PRESENT: HONORABLE OTIS D. WRIGHT, II, JUDGE

| | | |
|---|---|---|
| Sheila English<br>Courtroom Deputy | COURT SMART | Nisha Chandran<br>Asst. U.S. Attorney |

| U.S.A. vs (Defendant listed below) | Attorney for Defendant |
|---|---|
| Robert Sloan Mateer<br>present in custody | Ijeoma Uchechi Eke<br>present appointed |

PROCEEDINGS: **CHANGE OF PLEA**

Court and counsel confer re the change of plea. Defendant moves to change his plea to the First Superseding Indictment. Defendant now enters a new and different plea of **Guilty to Counts One, Five and Seven of the First Superseding Indictment.** The Court questions the defendant regarding the plea of Guilty and finds a factual and legal basis for the plea; waivers of constitutional rights are freely, voluntarily and intelligently made; plea is provident; plea is accepted and entered.

The Court refers the defendant to the Probation Office for the preparation of a presentence report and continues the matter to April 17, 2023 at 11:00 a.m., for sentencing. **Position papers are due 2 weeks before the sentencing. If the papers are NOT submitted in time, they will not be considered.**

All dates other than the sentencing hearing date are vacated as to this defendant.

**Counsel are notified that Federal Rule of Criminal Procedure 32(b)(6)(B) requires the parties to notify the Probation Officer, and each other, of any objections to the Presentence Report within fourteen (14) days of receipt. Alternatively, the Court will permit counsel to file such objections no later than twenty-one (21) days before Sentencing. The Court construes "objections" to include departure arguments. Requests for continuances shall be filed or requested no later than twenty-one (21) days before Sentencing. Strict compliance with the above is mandatory because untimely filings impede the abilities of the Probation Office and of the Court to prepare for Sentencing. Failure to meet these deadlines is grounds for sanctions.**

**cc: P. O. & P. S. A. L. A.**



Initials of Deputy Clerk: SE